IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HELEN WILLIAMS,

    Plaintiff,

v().

CONAGRA FOODS, INC., DG RETAIL, LLC
and DOLGENCORP, INC.,

    Defendants.

Case No. 07-cv-458-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Plaintiff's MOTION TO AMEND COMPLAINT (Doc. 20).

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been filed, as it has in this case, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Rule 15(a) conveys a liberal approach to amendments, stating that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *Daugherity*, 970 F.2d at 351.

In this case, the Court finds that justice requires allowing amendment of the plaintiff's complaint. Accordingly, the Court **GRANTS** the motion (Doc. 20) and **ORDERS** that the plaintiff shall have up to and including July 27, 2007, to electronically file his amended complaint.

The Court also notes that defendants DG Retail, LLC and Dolgencorp, Inc. have filed a motion to dismiss certain counts (Doc. 16). Because the motion to dismiss is directed at the original complaint, which will no longer be the operative pleading in this case once the amended complaint is filed, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999), the Court hereby **DENIES as moot** the motion to dismiss (Doc. 16).

**IT IS SO ORDERED.**
**DATED:  July 25, 2007**

                                            s/ J. Phil Gilbert
                                            **District Judge**